By the Court, Bronson, J.
The principal question made by this bill of exceptions has been so fully discussed in the books cited at the bar, and is so well settled by the acts of the government, that little need be said on the present occasion. The European governments whose people discovered and made settlements in North America, claimed the sovereignty of the country, and the ultimate title, but not the immediate right of possession, to all the lands within their respective limits. Upon the principle laid down by Yattel, [B. 1, § 81, 209,) they might have asserted a larger right; for the native Indians lived by fishing and hunting, without converting to the purposes of agriculture any considerable portion of the vast tracts of country over which they wandered. But the' Europeans pursued the more just and politic course of acquiring the Indian title by purchase. The claim which they set up and asserted amounted to little more than a pre-emption, or the right of purchasing from the Indians all the lands within the bounds of their respective discoveries, to the exclusion of pll other nations. It is true that the British crown granted charters and issued patents for large tracts of land before the Indian right had been extinguished; and these instruments purported to convey the property in fee. It was so of the grant made by Charles the second to his broths er the duke of York in 1664, which included all the territory now constituting the states of New-York and New-Jersey. But *549 these grants were not intended to convey, and the grantees never pretended that they.had acquired an absolute fee in the land. They neither took nor claimed any thing more than the ultimate fee, or the right of dominion after the Indian title should be extinguished. And so far as the state of New-York is concerned, I am happy to say, that beyond what may have been acquired by conquest in lawful war, the Indians have never been deprived of a single foot of land without their voluntary consent. Their title by occupancy has been uniformly acknowledged, both by the colonial and state governments, from, the first settlement of the country down to the present day; and it cannot now be successfully questioned in the judicial tribunals.
This view of the matter is fully confirmed by the title deeds which the plaintiffs gave in evidence. In the adjustment of the conflicting claims of the states of Massachusetts and New-York to the tract of country which includes the Cattaraugus Reservation, Massachusetts ceded all her right to “the government, sovereignty and jurisdiction” of the disputed territory; and New-York ceded “the right of pre-emption of the soil from the native Indians.” The words which follow—“ and all other the estate, right, title and property which the state of New-York hath”—were not intended to enlarge the grant into an unqualified fee. It is impossible to suppose that the parties meant to disregard and set aside the Indian title which they had but the moment before fully recognized, by contracting for “the right of pre-emption of the soil from the native Indians.” This point is rendered still more clear by a subsequent clause in the deed of cession. By the tenth article, -the commonwealth of Massachusetts was authorized to grant “the right of pre-emption,” and nothing more; and her grantees were only to acquire “ good right to extinguish by purchase the claims of the native Indians.” Then follows a proviso, “ that no purchase from the native Indians by any such grantee” should be valid, unless the same should be made undér the superintendence, and be confirmed by the commonwealth of Massachusetts. The two states not only acknowledged a right in the Indians which could *550 only be extinguished by purchase; but they took care to guard the Indians against imposition and fraud in all the negotiations which might be had for the acquisition of their title by the grantees of Massachusetts.
Now upon what principle can this action be maintained? The Seneca nation of Indians have never parted with the title to the lands on which the timber was cut. Their right is as perfect now as it was when the first European landed on this continent, with the single exception that they cannot sell without the consent of the government. The right of occupancy, to them and their heirs forever, remains wholly unimpaired. They are not tenants of the state, nor of its grantees. They hold under their own original title. The plaintiffs have acquired . nothing but the right to purchase whenever the owners may choose to sell. In the meantime, or until the tribe shall become extinct, the Seneca Indians will remain the rightful lords of the soil. They have cut and sold their own timber, and I see no principle upon which the plaintiffs can have an action either against them or their vendees.
This view of the casé renders it unnecessary to inquire whether the plaintiffs made out a regular deduction of title.
New trial granted.